1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMIE STEPHENS,                          No.  2:23-cv-1172 AC P

12                  Plaintiff,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   L. BRAGG, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1,

19   2.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

20   636(b)(1)(B) and Local Rule 302.

21          For the reasons stated below, the undersigned will recommend that plaintiff's motion to

22   proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g).  It will also be

23   recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further

24   with this action.

25   ////

26   ////

27   ////

28   ////

1

1    I.    THREE STRIKES RULE:  28 U.S.C. § 1915(g)

2    28 U.S.C. § 1915(g) states:

3    > In no event shall a prisoner bring a civil action or appeal a judgment
     > in a civil action or proceeding under this section if the prisoner has,
4    > on 3 or more prior occasions, while incarcerated or detained in any
     > facility, brought an action or appeal in a court of the United States
5    > that was dismissed on the grounds that it is frivolous, malicious, or
     > fails to state a claim upon which relief may be granted, unless the
6    > prisoner is under imminent danger of serious physical injury.

7    "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court

8    looks to the dismissing court's action and the reasons underlying it."   Knapp v. Hogan, 738 F.3d

9    1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted).   "[Section] 1915(g) should be

10   used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the

11   order dismissing an action, and other relevant information, the district court determines that the

12   action was dismissed because it was frivolous, malicious or failed to state a claim."   Andrews v.

13   King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).   "[W]hen a district court disposes

14   of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or

15   fails to state  a claim upon which relief may be granted,' such a complaint is 'dismissed' for

16   purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's

17   application to file the action without prepayment of the full filing fee."   O'Neal v. Price, 531

18   F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).   Dismissal also counts as a strike

19   under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to

20   state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an

21   amended complaint" regardless of whether the case was dismissed with or without prejudice.

22   Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

23        An inmate who has accrued three strikes is precluded from proceeding in forma pauperis

24   unless he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   To

25   satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under

26   imminent danger of serious physical injury" at the time of filing the complaint.   Andrews v.

27   Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the

28   filing of the complaint that matters for purposes of the 'imminent danger' exception to §

1  1915(g).”); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry

2  v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th

3  Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  “[T]he imminent danger

4  exception to the PLRA three-strikes provision requires a nexus between the alleged imminent

5  danger and the violations of law alleged in the complaint.”  Ray v. Lara, 31 F.4th 692, 695 (9th

6  Cir. 2022).

7      II.   PLAINTIFF'S PRIOR STRIKES

8        A review of court records reveals that on June 20, 2008, in the Southern District of

9  California, plaintiff was declared a three-strikes litigant in Stephen v. Hernandez. No. 3:08-cv-

10  0750 BEN BLM (“Stephen I”) (S.D. Cal. June 20, 2008).[1]  In that case, the court determined that

11  the following actions previously filed by plaintiff constituted strikes:

12        • Stephen v. Lacy, No. 2:93-cv-5032 UA (C.D. Cal. Aug. 23, 1993) (dismissed for

13           failure to state a claim), aff'd, No. 93-56312, 1995 WL 72353 (9th Cir. Feb. 22, 1995);

14        • Stephen v. Zulfacur, No. 3:93-cv-1943 R RBB (S.D. Cal. Apr. 19, 1994) (dismissed

15           for failure to state a claim);

16        • Stephen v. Shelar, No. 3:06-cv-1054 LAB WMC (S.D. Cal. Aug. 31, 2006) (dismissed

17           for failure to state a claim);

18        • Stephen v. Hernandez, No. 3:06-cv-0171 L WMC (S.D. Cal. Oct. 11, 2006)

19           (dismissed for failure to state a claim);

20        • Stephen v. Marshal, No. 2:07-cv-5337 UA SH (C.D. Cal. Oct. 4, 2007) (dismissed as

21           frivolous); and

22        • Stephen v. IRS, No. 3:07-cv-2112 LAB BLM (S.D. Cal. Dec. 4, 2007) (dismissed as

23           frivolous).

24  See Stephen I, ECF No. 4 at 2-3.

25  ////

26

27  [1]  Although plaintiff identifies himself as “Jimmie Stephen,” and not “Jimmie Stephens” in
Stephen I and in the cases listed as strikes, a search of plaintiff's state prison identification

28  number indicates that “Jimmie Stephen” and “Jimmie Stephens” are the same individual.

The court takes judicial notice of these earlier-filed lawsuits and the findings of the court in <u>Stephen I</u>.[2]  Each prior case was dismissed well before the instant action was filed in June 2023, and none of the strikes have been overturned.   Therefore, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

III.   <u>IMMINENT DANGER</u>

The complaint presents two claims for relief.  The first is captioned "8th Amendment .. Serious Physical Harm, Imminent Danger, Risks .. 28 USC § 1915(g)".  The supporting facts involve deliberate indifference to plaintiff's serious medical needs.  Plaintiff alleges that he did not receive a necessary urology appointment in May 2023, and was denied medication previously prescribed by medical personnel.  ECF No. 1 at 8-9.  The second claim is captioned "8th Amendment, Risk of Serious Physical Injury, Harm, ongoing.." and alleges that plaintiff was placed in segregation in retaliation for filing a lawsuit against prison authorities.  <u>See id</u>. at 10-12. It is plain from plaintiff's descriptions of his claims that he seeks the imminent danger exception to the three-strikes statute on the basis of the facts supporting his claims for relief.  The nexus requirement is thus satisfied.  <u>See Ray v. Lara</u>, 31 F.4th at 695.

A completed past act of retaliation does not support the imminent danger exception. Plaintiff's speculative expectation of future harassment, ECF No. 1 at 12, does not change that. <u>See Andrews</u>, 493 F.3d at 1057 n. 11.

Plaintiff's allegations regarding medical care also fail to meet his burden under § 1915(g). Plaintiff alleges that because he had prostate cancer in 2019, the failure to provide certain follow up care is life threatening.  Being a "high risk" patient, however, is not the same thing as facing imminent harm.  Plaintiff alleges that the treatment he has been provided is inadequate, that treatment by a female doctor is inappropriate for a prostate patient, and that his ongoing

---

[2]  The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

symptoms including bleeding have been misdiagnosed.  ECF No. 1 at 8-9.  More specifically, plaintiff alleges that doctors have wrongly attributed his bleeding to hemorrhoids or prostatitis when he may be facing death.  Id.  Plaintiff appears to believe that cancer remains in his body, but the complaint provides no factual basis for this belief.

Although it is clear that the alleged deliberate indifference to plaintiff's medical needs was ongoing at the time the complaint was filed, it does not appear that this ongoing dispute about proper treatment placed plaintiff in imminent danger of serious physical injury.  See Andrews, 493 F.3d at 1053.  Plaintiff's allegations to the contrary are conclusory and speculative, and thus insufficient to support an exception to the three strikes rule.  See id. at 1057 n. 11; see also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions are insufficient to satisfy exception to § 1915(g)); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (same).

IV.   CONCLUSION

For these reasons, plaintiff is a three strikes litigant who has not met his burden of establishing that he is in imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g).  As a result, it will be recommended that plaintiff's application to proceed in forma pauperis be denied and that he be ordered to pay the filing fee in full prior to proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED, and

2.  Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5

and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE