UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jimmie Stephens, | No. 2:23-cv-01172-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| L. Bragg, et al., | |
| Defendants. | |

On June 27, 2023, the magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed in forma pauperis be denied and that plaintiff be ordered to pay the filing fee prior to any further proceedings in this action.  F. & R. at 5, ECF No. 6.  The magistrate judge concluded plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).  *Id.*  This court adopted the findings and recommendations in full and denied plaintiff's motion to proceed in forma pauperis.  Prior Order at 2, ECF No. 13. Plaintiff now objects to this court's order.  Objs., ECF No. 14.  Plaintiff argues his prior actions should not have counted as "strikes."  *See generally id.*  The court construes the objections as a motion for reconsideration and **denies** the motion.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.

2001) (emphasis and citation omitted). "Thus, the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice." *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995). This court's local rules also govern reconsideration. They require the moving party to provide "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" or "what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

Reconsideration is not warranted here. There are no new facts, nor changes in controlling law. Instead, plaintiff argues his prior strikes were "illegal" and should not count as strikes under 28 U.S.C. § 1915(g). Objs. at 3. Plaintiff moves the court for an "order striking all 6 presented strikes[.]" *Id.* Under 28 U.S.C. § 1915, plaintiff may not proceed in forma pauperis if he has brought an action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" on three or more prior occasions, unless the "imminent danger" exception applies. 28 U.S.C. § 1915(g). As the magistrate judge correctly found, at least three of plaintiff's prior actions or appeals have been dismissed on the grounds that they were frivolous or failed to state a claim. *See* F. & R. at 3. Therefore, unless plaintiff can show he "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), plaintiff cannot proceed in forma pauperis. He must pay the filing fee. To the extent plaintiff asks the court to strike the decisions of other courts, the court has no jurisdiction to do so. The motion is **denied.** Further filings from plaintiff will be disregarded and the case may be dismissed unless plaintiff pays the filing fee.

This order resolves ECF No. 14.

IT IS SO ORDERED.

DATED: September 21, 2023.

CHIEF UNITED STATES DISTRICT JUDGE